## EX PARTE MOBLEY.

### IN RE McAFEE v. McAFEE.

1. Judgment was obtained in April against a party whose land was covered by two mortgages, and during the same month a levy was made, under which the land was sold in June and purchased by M., who was a surety of the defendant for this debt. In May actions were commenced to foreclose these mortgages, and notices of *lis pendens* were then filed. The mortgagor answered, alleging the sheriff's sale and disclaiming any further interest. M. thereupon filed his petition, charging the two mortgages to be fraudulent, and asking to be allowed to intervene as a party defendant. *Held*, that M. was a proper party, and that his petition should have been granted.

2. The title of the purchaser at sheriff's sale had relation back to the judgment, or at least to the levy, both of which were prior to the filing of notices of *lis pendens*.

Mr. Chief Justice Simpson *dissenting*.

---

Before WALLACE, J., Chester, June, 1882.

The opinion states the case.

*Mr. W. A. Sanders,* for appellant.

*Messrs. J. & J. Hemphill,* contra.

June 27th, 1883.　The opinion of the court was delivered by

MR. JUSTICE McIVER.　The two plaintiffs above named, Samuel M. McAfee and Ellen M. McAfee, brought these actions for foreclosure of mortgages of real estate; and this is a petition filed by Samuel W. Mobley, asking to be allowed to intervene, as a party defendant, for the purpose of contesting the validity of said mortgages.　For this purpose he filed petitions in each of the cases, setting forth that he has an interest in the mortgaged premises; and that he is informed and believes that the bonds and mortgages are pretensive and fraudulent; and that they were made to hinder, delay and defeat the creditors of the mortgagor, John T. M. McAfee.　The petitions were duly verified, and no answers thereto were filed.　The defendant, who answered in the actions for foreclosure, says that the mortgaged premises have been sold by the sheriff under an execution against the mortgagor, and he, therefore, has no further interest therein.

The facts upon which the petitioner bases his application to intervene are stated by him, substantially as follows: Subsequent to the execution of said mortgages, some time in April, 1882, a judgment was recovered in the Court of Probate by John W. Wright and others against the said John T. M. McAfee as administrator of Thomas Wright, and, under an execution issued to enforce this judgment, the mortgaged premises were levied on by the sheriff, on April 27th, 1882, and advertised for sale on the first Monday in June following.　On May 13th, 1882, the actions for foreclosure were commenced, and on the same day notice of *lis pendens* was duly filed in each of said cases.　On June 5th, 1882, the mortgaged premises were sold by the sheriff under the execution above mentioned, and bought by the petitioner for the purpose, as is alleged, of protecting himself from liability as surety on the administration bond of the said John T. M. McAfee.

The Circuit judge refused the motions to intervene, and this appeal alleges error on his part in so doing. In rendering his judgment, the Circuit judge has fallen into the error of saying that "pending the suit for foreclosure, and after filing of notice of *lis pendens* according to law, the mortgaged premises were levied on and sold under the judgment above referred to;" whereas, in fact, the levy was made before the actions for foreclosure were commenced and before the filing of the notice of *lis pendens*, though the sale was made afterwards.

The decision below is based upon the provisions of section 153 of the code (1882). It will be observed, however, that this section only provides that one who purchases property which is the subject of litigation, subsequent to the filing of the notice of *lis pendens*, shall be bound by all proceedings thereafter had to the same extent as if he were made a party to the action; but it does not forbid the making of such purchaser a party. If a person in such a situation is to be subjected to all the burdens and disadvantages of being a party, it would seem to be nothing more than right that he should, if he desires it, and can make a proper showing for that purpose, be entitled to the privileges of a party. While, therefore, under this section, a person purchasing property while it is the subject of litigation, subsequent to the filing of the notice of *lis pendens*, is not a necessary party, and the case may proceed to judgment without his presence, it does not necessarily follow that he may not be a proper party under certain circumstances. It sometimes happens that persons may be proper and yet not necessary parties to an action. For example, in an action for the foreclosure of a mortgage, neither prior nor subsequent encumbrancers are necessary, and yet they are proper parties. *Warren, Wallace & Co.* v. *Burton*, 9 *S. C.* 197; *Evans* v. *McLucas*, 12 *S. C.* 61, and the authorities cited in those cases.

Now, if, as is said in *Massey* v. *McIlwain*, 2 *Hill Ch.* 427, a purchaser, at an execution sale, is not only invested with all the rights of the judgment debtor, but "also clothed with all the rights of his creditor, at whose instance the land was sold," we see no reason why Wright, the execution creditor, and, as a consequence thereof, the petitioner, as purchaser at the sale under

his execution, would not be a proper party, and entitled, upon a proper showing, to be brought in as a party. When, therefore, a proper showing is made, as has been done in this case, we see no reason why a purchaser, under a judgment, not only recovered but actually levied before any notice of *lis pendens* has been filed, may not be allowed to come in and litigate his rights, of course at the peril of being mulcted in costs if he fails to establish his allegations.

According to the allegations of the petition, which is verified, and of which there is no denial, the petitioner is likely to suffer great injustice unless he is admitted as a party and permitted to be heard upon the issues in the actions. It appears from these allegations that the mortgages which are sought to be foreclosed in these actions, between son and father in one case, and between wife and husband in the other, are pretensive and fraudulent, and made to hinder, delay and defeat the creditors of the mortgagor; and it is very manifest that no such defenses will be set up, for the defendant in the actions for foreclosure has answered, saying that he has no further interest therein since the purchase of the mortgaged premises by the petitioner at the sheriff's sale. As the petitioner, under the section of the code above cited, will be bound by any judgments that may be rendered in these actions for foreclosure, it is very clear that unless he is made a party, and permitted to raise the question as to the *bona fides* or validity of these mortgages, it will never be done, and the petitioner may lose the land which he has bought without an opportunity of litigating his right thereto. For, if judgment of foreclosure and sale is rendered, as it will be, in the absence of any defense, he cannot dispute the title of the purchaser at such sale, because, being bound by the judgments of foreclosure and sale to the same extent as if he were a party to the actions, he will be concluded by such judgments.

Unless there be some way by which the petitioner could be protected against such a result, a gross fraud will be practiced upon him through the forms of law, provided the allegations in his petition be true. It is difficult to see what else he could have done to protect himself from liability as the surety of the mortgagor, who declines to make any defense to the actions for

foreclosure, brought by his wife and son, than that which he has done. As soon as the judgment was recovered in the Court of Probate, it was levied before, not after, the actions for foreclosure were commenced, and the land was sold at the earliest possible day thereafter, the levy having been made on April 27th, 1882, and the sale made on the first Monday in June thereafter, while the actions for foreclosure were commenced and the notices of *lis pendens* were filed on May 13th, 1882. There was, therefore, no laches on the part of the petitioner, but, on the contrary, he acted as promptly as it was possible for him to have done.

Again, in *Freem. Exec.*, § 333, in speaking of sales under execution, the writer says : " While the title of the defendant is not, in a vast majority of the States, divested until the execution of a conveyance to the purchaser, this conveyance, when made, must, for some purposes, be given effect as though executed at some period antecedent to its date. The relation of deeds, made in pursuance of sales under execution, is very frequently spoken of in the reported cases, and yet about the only thing which we conceive to be well settled in regard to the doctrine of relation, is that such deed must be given such an effect as will preserve and make effectual the lien under which the execution sale was made."

In *Jackson v. Dickenson*, 15 *Johns.* 309, the land of A. was sold under an execution in favor of B. on the 1st of March, and on the 10th of March a bill was filed to foreclose a mortgage on the same land. On the 19th of March the sheriff executed a deed to the purchaser. Held, that his title had relation back to the day of sale, and, not being a party to the proceeding to foreclose the mortgage, he was not bound thereby, as his title was acquired previous to the *lis pendens*, although not consummated until afterwards.

In *Jackson v. Ramsay*, 3 *Cow.* 75, the same doctrine was recognized, and the rule as to the doctrine of relation is thus stated : " Where there are divers acts concurrent to make a conveyance, estate or other thing, the original act shall be preferred, and to this the other act shall have relation." If this be so, then the title of the petitioner may have relation back to the

date of the judgment, or, at least, to the date of the levy, and this being prior to the commencement of the actions for fore-closure, he was entitled to be made a party thereto.

The judgment of this court is that the order of the Circuit Court in each of the cases above stated be reversed, and that the cases be remanded to that court for such further proceedings as may be necessary to carry out the views herein announced.

MR. CHIEF JUSTICE SIMPSON *dissenting*. On May 13th, 1882, the plaintiffs commenced their separate actions above against the defendant for foreclosure of two mortgages executed in 1880, notice of *lis pendens* being filed in each case on same day.

Previous to the commencement of these actions a judgment had been obtained in the Probate Court against the defendant, as administrator in a suit for an accounting in behalf of John W. Wright *et al.*, for $2,165. On April 27th, 1882, a short time be-fore these actions were commenced, the real estate in controversy was levied upon by the sheriff of Chester by virtue of the judg-ment above referred to. The sale, however, did not take place until June 5th, some weeks after the beginning of these actions and the notice of *lis pendens*. At the sale by the sheriff, the petitioner, being the surety on the administration bond of the defendant, to save himself became the purchaser, whereupon he filed the petition herein *in re* to be made a party to said cases, his object being to contest the mortgages of the plaintiffs on the ground of fraud, having been made, as alleged by him, to "hin-der, delay, defeat and defraud creditors." Judge Wallace refused the petition on the ground that petitioner having become the pur-chaser after suit commenced and the filing of the notice of *lis pendens*, there was no law which entitled him to be made a party.

The appeal involves the question, whether, under the circum-stances, the appellant should have been made a party. It will be at once seen that at the time these actions were commenced the appellant could not have legally been made a party, because at that time he had no connection whatever with the matter in litigation. It is true he was a surety on the administration bond of the defendant, but there was no evidence that he had been

made liable on that account, or that he was a creditor otherwise of the defendant, nor did he have any claim to the land in controversy.

One John W. Wright and others had obtained judgment in the Probate Court against the defendant, but up to the commencement of these actions and the "notice of *lis pendens*," the petitioner was a stranger to the whole matter, and any other person in the community might have been made a party as well as he. Did the fact that he became a purchaser under the circumstances stated, and before judgment in the foreclosure suits, entitle him to be made a party? It is a general rule, that every person whose presence is necessary for a complete determination of the matter in controversy, may and should be made a party before final judgment, and if such person is not summoned at the beginning of the action he may be brought in afterwards. *Code,* § 143, *Gen. Stat.*

Can a complete determination of the controversy here be made in the absence of the petitioner? Section 153 of the code (*Gen. Stat.*) provides that in foreclosure actions *lis pendens* must be filed at least twenty days before judgment, and that every purchaser or encumbrancer subsequent to such filing shall be bound by all proceedings taken thereafter to the same extent as if he were made a party. This would imply that in such case a complete determination of the controversy might be made without the presence of the subsequent purchaser or encumbrancer, otherwise the provision that he should be bound to the same extent as if he had been brought in would be idle. The petitioner bought the land at sheriff's sale after the notice of *lis pendens;* he then occupied the position of a subsequent purchaser, and if he has no higher rights and interests than would attach to a subsequent purchaser simply, he could not intervene. He is a volunteer, having acquired his interest during the pendency of the action and after legal information that he would be bound by the proceeding already in progress, and he would have no just or legal claim to be permitted to interject his newly and voluntarily acquired interest into the action, raising new questions and difficulties, to the delay and expense of the original parties, who,

perhaps, but for his interference, might have had their rights promptly adjudicated.

But it seems that the petitioner bought under a judgment which was filed and levied a few days before the foreclosure suit and the filing of notice of *lis pendens*, though the purchase was made afterwards. Can this fact make any difference as to his rights in the premises? We can see no reason why it should. He is still a volunteer, with all the facts before him, and he must abide the consequences. He knew when he purchased that his rights would be subject to the suits then pending to the same extent as if he were made a party. The *lis pendens* informed him of this fact, and he cannot now legally complain. There is no principle of law as to parties under the old practice or provision of the code under the new which would warrant the petitioner in demanding that he should be made a party. The other sections of the code, referred to in the argument, have no application.

The petitioner had no interest when the actions were commenced, and to have made him a party then would have been a misjoinder. His acquisition of interest after action could not re-act to the date of the judgment under which he bought. It has been decided that the sheriff's deed has relation back to the sale. *Kingman* v. *Glover*, 3 *Rich.* 27. But we find no authority which carries the title back to the entry of the execution or the date of the judgment, nor is there foundation for the position that petitioner's purchase created an equity having relation back to the judgment. Both his legal and equitable rights attached at the same time; this was upon his purchase. Up to that moment he had neither, and this was after the notice of *lis pendens*, which, under the law, made those already in court his representatives.

For the reasons given above I concur with the Circuit judge— Judge Wallace. Let this be filed as a dissenting opinion to that of the majority.

Appeal sustained.